### T. H. McRovie, Trustee, vs. F. S. White.

1. Landlord and Tenant: *Rent. Assignment. Attachment for rent.*
   Where the landlord rents his lands and transfers and assigns the rent debt, by trust deed, to another, he has no right afterwards to sue out an attachment for rent against the crop for the payment of the debt so transferred by him, and if he should do so, and have the crop sold under attachment proceedings for the rent, the purchaser at such sale, with notice of the assignment, acquires no title, and the trustee may recover the property so sold by an action of replevin.

2. Same: Same: *Case in judgment.*
   S. rented his lands to L. & B. and took a trust deed on the crop and other chattels to secure the rent, and transferred the debt to M., as trustee, for the benefit of B. & E., to secure a debt due to them by him, S. In November, 1873, S. sued out an attachment for the rent due by L. & B., which he had transferred, had the crop of cotton sold, when W. became the purchaser, with full knowledge of the transactions. M., the trustee of B. & E., sued W. in replevin for the cotton. *Held*, that the right to the proceeds of the rent vested in the trustee, that the suit by S. for the rent was without merits, and the trustee has the right to recover the possession of the cotton from the purchaser.

Error to the Circuit Court of *Colfax* County.
Hon. J. A. Orr, Judge.

A very full and clear statement of the facts in this case will be found in the opinion of the court.

It is assigned for error:

1. The court erred in overruling plaintiff's motion for a new trial.

2. In refusing to give the first ten charges for the plaintiff.

3. In giving defendant's two charges.

*Barry & Brame*, for plaintiff in error:

1. The doctrine of *caveat emptor* applies to all judicial sales, whether of real or personal property.   2 Bailey (S. C.), 480; 10 Watts, 9; 4 Scammon, 486; 2 Ired., 127; 49 Ill., 389.

2. The purchaser at such a sale acquired *only* the title or interest of the defendant in the process, subject to all infirmities.   24 Miss., 640; 21 Ala., 288; 25 ib., 690.

3. If the sale is illegal and *void*, the purchaser acquires no title.   Rorer on Judicial Sales, § 105; 18 Vt., 390; 4 Dev. & B., 160; 4 Lit., 244; 14 Vt., 324.

4. If the sale is illegal and only voidable, the title passes unless the buyer is not a *bona fide* purchaser, or one who buys without *notice* of the irregularities.   25 Miss., 451; 38 ib., 599.

5. Where the plaintiff in the process buys at his own sale, he is not a *bona fide* purchaser without notice.   8 Mass., 519; 20 Wend., 267.

6. The same rule applies where the plaintiff's attorney is the purchaser.

7. All purchasers are bound by illegalities in the proceedings and infirmities in the title if they have actual or constructive notice.

*Frank Johnston* and *L. F. Bradshaw*, for defendant in error:

The defendant in execution cannot recover the property from the purchase.   The levy deprived him of his right of possession.   6 Cushman, 283; Cockrell *v.* Wynn, 12 S. & M., 117.

Execution of an erroneous judgment by sale of property is valid, and transfers the title to the purchaser.   Harrington *v.*

Wofford, 46 Miss., 31; Christian v. O'Neil, 46 ib., 676; 25 ib., 451.

Sands had not assigned the leased premises and could therefore distrain for the rents.

The action of replevin cannot be maintained for another reason. The testimony of Lee, and Boykin is contradictory, but shows very plainly that they owned only an undivided interest in the cotton in controversy, and an action of replevin would not lie at their instance nor at the suit of those who claim under them. Although the landlord had made a pledge of the rent to the trustee, the purchaser at the sale could not be affected by any question between the landlord and his creditor as to which of these were entitled to proceed for the rent. The trust deed was made subject to the landlord's claim for rent, and the creditors under the trust deed made by the tenants on the crop were not owners or claimants as against the claim for rent.

SIMRALL, C. J., delivered the opinion of the court.

In 1873, and for that year, Lee and Boykin became the lessees of Sands of a part of his land, at the stipulated rent of $500. On the 19th of April they executed to T. H. McRovie a trust deed, embracing certain chattels and their crops, but excepting the rent due to Sands. Prior to this, in January of the same year, Sands, in order to secure Bogle, Evans & Co. an indebtedness, conveyed to McRovie, trustee, certain lands, etc., and the crop to be made by him that year, " and the income from lands rented to Lee, Boykin, and other freedmen."

On the 28th of November, 1873, Sands sued out an attachment for rent against Lee and Boykin, which was levied on the three bales of cotton in dispute.

McRovie, claiming the cotton as trustee, took out a writ of replevin against Shattuck, the sheriff, which he declined to execute, because, as he returned, the cotton was already in his possession. McRovie abandoned this suit. In the meantime

the cotton was sold, under the attachment for rent, to F. S. White.

McRovie thereupon brought this action of replevin against him. The controlling question is whether he had such right to the cotton as will sustain that sort of action.

The security made by Lee and Boykin for their creditors, Bogle, Evans & Co., was subordinate to the right of the landlord to enforce the payment of the rent out of the products of the demised premises. That conveyance covered the entire crops, subject to a liability for the rent, if the landlord should find it necessary to enforce his demand against them.

But the effect of the trust deed of Sands for the benefit of Bogle, Evans & Co. was to assign to the trustee, McRovie, for their use, the debt of Lee and Boykin for rent. So that Bogle, Evans & Co. were the beneficial owners of the cotton grown by Lee and Boykin, and also of the debt for rent. They acquired the entire crops of these tenants through their deed of trust, subject to any right of the landlord to appropriate so much of it as might be needed to pay his debt.

But Sands had transferred that claim to McRovie for their use, and in this there was concentrated in their trustee the original right of the landlord, as that of the tenants, Lee and Boykin, to the crop.

Under the deed of trust made by the tenants, after default made, the legal title vested in the trustee. It was proved on the trial that White, the defendant, was familiar with the transaction betwen these parties, knew that Sands had made the assignment of the demand against Lee and Boykin, and that he had no interest in the rent due from them, and that his attachment for rent was not a meritorious suit.

He cannot complain that he had been deceived by appearances, and parted with his money in good faith.

The judgment is reversed, and cause remanded for a new trial.